**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Karen M. Chambers, | Civ. No. 08-5947 (JMR/JJK) |
| Plaintiff, | |
| v. | **REPORT AND** |
| The Travelers Companies, Inc., | **RECOMMENDATION** |
| Defendant. | |

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court on Defendant's Motion for Partial Dismissal of Plaintiff's Second Amended Complaint.  *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  In the Second Amended Complaint, Plaintiff alleges the following causes of action: (1) defamation (Count I); (2) breach of contract (Count II); (3) a violation of Minnesota Statutes § 181.13 (Count III); (4) an age discrimination violation of the Minnesota Human Rights Act (Count IV); and (5) a violation of 29 U.S.C. § 1140 (Count V).  (Doc. No. 14.)  Defendants have moved to dismiss Counts I, II, and III.  For the reasons stated below, this Court recommends that Defendant's motion to dismiss be denied in part and granted in part without prejudice.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff is a former employee of Defendant. (Doc. No. 14, Second Am. Compl. ("SAC") ¶ 4.) She worked for Defendant, or its predecessor, in various roles as a manager, supervisor, and in other roles for over 20 years from 1987 through 2008. (*Id.*) Plaintiff alleges that during her employment with Defendant, her performance was not only satisfactory, but also exceeded the duties required by her position. (*Id.* ¶ 10.)

Defendant terminated Plaintiff on January 21, 2008. (*Id.* ¶ 9). Immediately prior to her termination, Plaintiff had earned more than $20,000 in restricted stock over the period of 2006-2007. (*Id.*) She had also earned, but had not yet been paid, bonus compensation for her employment during the year 2007. (*Id.*)

In Count I of the SAC, Plaintiff asserts that Defendant terminated her employment based on "unspecified 'issues' in her employment." (*Id.* ¶ 12.) Plaintiff also alleges that Defendant's management and supervisory personnel

---

[1] In Count IV of the Second Amended Complaint, Plaintiff alleges the following: (1) that she is an employee within the meaning of the Minnesota Human Rights Act, and that she is over the age of majority (Doc. No. 14, ¶ 34); (2) that Defendant wrongfully terminated Plaintiff based on a false allegation of improper conduct (*Id.* ¶ 36); (3) that Defendant terminated Plaintiff on the basis of her age (*Id.* ¶ 37); and (4) that such termination caused Plaintiff damages (*Id.* ¶38). In Count V, Plaintiff alleges the following: (1) that she had rights and interests in an employee benefits plan under which she would have received substantial benefits had she not been terminated for a false reason (*Id.* ¶ 40); (2) that she was terminated for exercising her rights under the provisions of her employee benefit plan (*Id.* ¶ 42); and (3) that such termination caused her to lose substantial benefits to which she was entitled and cause her mental distress and personal humiliation (*Id.* ¶ 43). As mentioned above, Defendant has not sought dismissal of Counts IV and V of the Second Amended Complaint.

"made false statements about [Plaintiff] which were communicated to third parties [and] tended to disgrace and degrade [Plaintiff] and to hold her up to public ridicule and contempt."  (*Id.* ¶ 13.)  Finally, Plaintiff alleges that she has been required to self-publish Defendant's false statements regarding her conduct while working for Defendant while attempting to obtain employment since the termination.  (*Id.*)  Plaintiff contends that Defendant's false statements constitute defamation.

In Count II of the SAC, Plaintiff alleges that her "contract of employment with Defendant . . . provided that [she] would receive bonus compensation in addition to her base salary during 2007."  (*Id.* ¶ 19.)  She asserts that she performed all the duties of her employment and met "all conditions applicable to the receipt of her 2007 bonus compensation."  (*Id.* ¶ 20.)  Plaintiff asserts that on February 19, 2008, Plaintiff requested in writing that Defendant pay her all due wages and compensation, including the bonus she "earned" during 2007 (*Id.* ¶ 22), but that Defendant refused to pay Plaintiff all due wages, including the 2007 bonus.  (*Id.* ¶ 23.)  Plaintiff contends that these facts recite a claim for breach of contract.

In Count III of the SAC, Plaintiff again alleges that under an employment contract, she earned certain compensation, including a bonus, for her employment during 2007; that after the termination, she demanded Defendant pay those sums to her on February 19, 2008; and that Defendant refused to pay

3

the sums owed.  (*Id.* ¶¶ 29-30.)  She contends that this refusal constitutes a violation of Minn. Stat. § 181.13, entitling her to damages and a statutory penalty.

Plaintiff initially filed this action in Ramsey County District Court, and Defendant removed the case to the United States District Court for the District of Minnesota.  (*See* Doc. No. 1.)  Prior to Defendant's removal, Plaintiff amended her Complaint on October 17, 2008.  (Doc. No. 1, Ex. 3.)  Following removal, Plaintiff again amended her Complaint on December 17, 2008.  (Doc. No. 14, SAC.)  Defendant now moves for partial dismissal of the SAC as to Counts I, II, and III.  (*See* Doc. No. 16.)

## DISCUSSION

### I. Standard of Review

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief

4

above the speculative level." *Id.* at 1964-65.  This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.  Thus, the question before this Court is whether Counts I, II, and III of the SAC, on their face, sufficiently plead facts to state a plausible claim to relief.

## II.     Count I – Defamation Claim

Defendant challenges Count I of the SAC, arguing that it should be dismissed because Plaintiff has failed to state a claim for defamation.  Specifically, Defendant argues that Plaintiff has failed to plead defamation "with the specificity required under Minnesota law", because Count I does not include specific facts regarding who made the allegedly defamatory statements, when such statements were made, or to whom they were published.  (Doc. No. 19, Def.'s Mem. of Law in Supp. of its Mot. for Partial Dismissal ("Def.'s Mem.") at 4-5.)  Moreover, Defendant argues that even if the alleged statements to which Plaintiff has referred in her Memorandum opposing Defendant's motion had been included in the SAC, the defamation claim would still fail to state a claim because such newly alleged statements are not defamatory as a matter of law.  (Doc. No. 25, Def.'s Reply Mem. of Law in Supp. of its Mot. for Partial Dismissal ("Def.'s Reply Mem.") at 6.)

"[F]ederal courts favor specific pleading of defamation claims because 'knowledge of the exact language used is necessary to form responsive pleadings.'" *Bauer v. Ford Motor Credit Co.*, No. Civ. 00-389, 2000 WL

5

34494820, at *3 (D. Minn. June 27, 2000) (quoting *Asay v. Hallmark Cards, Inc.*, 594 F.3d 692, 699 (8th Cir. 1979)).  A claim for defamation under Minnesota Law requires a plaintiff to plead and prove: (1) that the defendant published a statement of fact; (2) that the statement was false; (3) that the statement concerns the plaintiff; and (4) that the statement damages the plaintiff's reputation and tends to lower her estimation in the community.  *See Glenn v. Daddy Rocks, Inc.*, 171 F. Supp. 2d 943, 948 (D. Minn. 2001) (citing *Lewis v. Equitable Life Assurance*, 389 N.W.2d 876, 886 (Minn. 1986), and *Foley v. WCCO Television, Inc.*, 449 N.W.2d 497, 500 (Minn. Ct. App. 1989)).  Such a claim "'must be pled with a certain degree of particularity.'"  *French v. Eagle Nursing Home, Inc.*, 973 F. Supp. 870, 883 (D. Minn. 1997) (quoting *Schibursky v. IBM*, 820 F. Supp. 1169, 1181 (D. Minn. 1993)).  "While it is not necessary for the complaint to recite the exact language spoken, the plaintiff must identify who made the defamatory statement and what was said."  *Id.* at 883-84.

As mentioned above, Plaintiff alleges that Defendant terminated her employment for "unspecified 'issues' in her employment" (SAC ¶ 12); that Defendant "made false statements about [Plaintiff] which were communicated to third parties [and] tended to disgrace and degrade [Plaintiff] and to hold her up to public ridicule and contempt" (*Id.* ¶ 13); and that she was required to self-publish the allegedly false statements.  (*Id.*)  As pleaded in Count I of the SAC, these allegations are currently too thin to state a defamation claim because they do not set forth with sufficient specificity facts regarding the content of the statements,

6

who made the statements, and to whom the statements were published.  *See Glenn*, 171 F. Supp. 2d at 948 (noting what must be plead and proven for a defamation claim to succeed).

However, this Court does not recommend dismissal of Count I of the SAC with prejudice at this time.  Rather, consistent with the policy of this Circuit that leave to amend be freely given when justice so requires, this Court concludes that Plaintiff should be permitted an opportunity to amend the SAC to plead the defamation claim with the requisite specificity.  *See Asay*, 594 F.3d at 695 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962), for the proposition that amendment should be permitted in the absence of an apparent undue delay, dilatory motive, or repeated failure to cure deficiencies in the complaint); *see also Bauer*, 2000 WL 34494820, at *3 (denying a motion to dismiss and permitting an opportunity for amendment of a defamation claim while a motion to amend the complaint was pending before a magistrate judge).

Defendant argues that an opportunity to amend is inappropriate under the circumstances here for two reasons: (1) Plaintiff has already had an opportunity to amend the Complaint on multiple occasions after discussions with Defendant's counsel regarding the deficiencies of Plaintiff's pleadings; and (2) any amendment would be futile because the specificity Plaintiff has indicated she would add to the defamation claim would also fall short of stating a claim.  With regard to Defendant's first point, this Court notes that the only amendment of Plaintiff's pleadings docketed in this matter—the SAC at Doc. No. 14—followed a

stipulation by the parties (Doc. No. 12), not a ruling by the Court on a motion to amend that identified legally deficient claims.  *Cf. Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1066 (8th Cir. 2005) (concluding that the district court reasonably rejected a third amendment of the complaint where the plaintiff "already had the opportunity to amend the complaint and cure its defects *when the district court ruled that allegations in the first amended complaint were too indefinite*", but the Plaintiff failed to resolve the deficiencies in the second amended complaint) (emphasis added).  Under the circumstances, this Court does not consider this to be a case where Plaintiff has evinced repeated failure to cure deficiencies in a pleading.  Nor is there anything before this Court to suggest that Plaintiff has some bad faith or dilatory motive, or that Defendant will be unduly prejudiced by permitting amendment.

With regard to Defendant's argument that any amendment would be futile, this Court observes that it simply has not seen what Plaintiff will include in an amended version of Count I of the SAC.  There is some indication in Plaintiff's memorandum opposing the instant motion of how Plaintiff intends to flesh out her claim (*see* Doc. No. 22), but this Court does not consider that submission an adequate basis on which to judge the futility of further amendment.  Therefore, this Court recommends that: (1) Defendant's motion to dismiss be granted in part without prejudice to the extent that it seeks dismissal of Count I of the SAC; and (2) leave be given for Plaintiff to amend Count I with greater specificity as

outlined above within 10 days of any order from the District Court adopting this Report and Recommendation.

### III.     Count II – Breach of Contract Claim

Defendant also challenges Count II of the SAC, arguing that it fails to state a claim for breach of contract.  Specifically, Defendant argues that Plaintiff's breach of contract claim is deficient because she "fails to put forth *any* acts in her [SAC] or Plaintiff's Memorandum to articulate the basis of this claim."  (Def.'s Reply Mem. at 9 (emphasis in original).)  Defendant contends that Plaintiff has done nothing more than repeatedly assert "without any support that [Defendant] breached [Plaintiff's] 'contract of employment' without identifying in any way the contract to which she refers or its terms."  (*Id.* at 10.)  Essentially, Defendant argues that in order to sufficiently plead a breach of contract claim, it is necessary that a plaintiff specifically state the manner in which the contract was formed and the terms of the agreement.

To prevail on a claim for breach of contract, a plaintiff "must show (1) formation of a contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages." *Parkhil v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 961 (D. Minn. 2000) (citing *Briggs Trans. Co. v. Ranzenberger*, 299 Minn. 127, 217 N.W.2d 198, 200 (1970), and other cases).

As mentioned above, Plaintiff alleges that she had a "contract of employment" with Defendant; that under that employment contract she earned

9

and was owed compensation including a bonus for the work she performed during 2007; that Defendant terminated her employment; and that Defendant's failure and refusal to pay her the compensation and bonus constituted a breach of the parties' agreement. (SAC ¶¶ 19-24.) As matters asserted in a pleading, these allegations are not as specific as they could be. But to survive a motion seeking dismissal of a claim for breach of contract, Plaintiff need not prove each of the elements of the claim. Nor must she provide evidence supporting it. Rather Plaintiff's allegations are taken as true and all reasonable inferences to be drawn regarding those allegations are construed in her favor at this stage of the proceedings. *See Morton*, 793 F.2d at 187.

Thus, construing the allegations of Count II of the SAC in Plaintiff's favor, this Court concludes that Plaintiff has sufficiently pleaded a claim for breach of contract. We can infer from Plaintiff's allegations that during her employment with Defendant, a contract was formed and that one of the terms of that agreement included the promise of compensation, including a bonus for the work she did in 2007. Defendant's assertion that her reliance "only upon the unsupported and mistaken conclusion that she had a contract with [Defendant]" (Def.'s Mem. at 11), misconstrues the approach this Court must take on a motion to dismiss. Whether Plaintiff's understanding that she had a contract with Defendant is "unsupported" or "mistaken" is an issue for resolution by the finder of fact. *See Minn. Mining & Mfg. Co. v. Rauh Rubber, Inc.*, 943 F. Supp. 1117,

1126 (D. Minn. 1996) ("The existence and terms of a contract are issues for the factfinder to determine.")[2]

Defendant also argues that Plaintiff's breach-of-contract claim must not be permitted to go forward because Defendant has a discretionary bonus program. (Doc. No. 20, Aff. of Laura Smith ¶ 4, Ex. A.)  Defendant contends that a claim for breach of contract cannot be based on an employer's decision to withhold a bonus, when bonuses are part of a discretionary program  (Def.'s Mem. at 11-12.)  This Court rejects Defendant's argument and need not examine Defendant's discretionary bonus to do so.  Plaintiff asserts that she "earned" a bonus for the work she performed under an agreement with Defendant during 2007; she does not appear to be asserting a claim under any "discretionary" program, but under the terms of the agreement she has alleged existed. Therefore, assuming all facts in the SAC to be true and construing all reasonable

---

[2]   Defendant argues that the Supreme Court's decision in *Twombly* requires more from a Plaintiff pleading breach of contract.  This district has recognized that the *Twombly* decision "retired" the statement in *Conley v. Gibson*, 355 U.S. 41, 47 (1957), of the standard of review applied to a motion to dismiss for failure to state a claim.  *E.g.*, *Njaka v. Wright County*, 560 F. Supp. 2d 746, 752 (D. Minn. 2008) ("[In *Twombly*] the Court simply retired the 'no set of facts' phrasing as 'an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.'") (quoting *Twombly*, 127 S. Ct. at 1969). But *Twombly* did nothing to alter the notice pleading requirements set forth in the Federal Rules of Civil Procedure, *Njaka*, 560 F. Supp. 2d at 752, nor did it change the fact that this Court must accept the allegations in a plaintiff's complaint as true and construe all reasonable inferences from the facts plead in the light most favorable to the plaintiff.  *See* 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level, . . . *on the assumption that all the allegations in the complaint are true* (even if doubtful in fact)[.]") (emphasis added).

11

inferences from those facts in the light most favorable to Plaintiff, this Court recommends that Defendant's motion to dismiss Count II be denied.

## IV.     Count III – Minn. Stat. § 181.13 Claim

Defendant challenges Count III of the SAC, arguing that Plaintiff has failed to adequately plead facts to permit her claim under Minn. Stat. § 181.13 to go forward.  Specifically, Defendant argues that "[Plaintiff's] statutory wage claim should be dismissed because [Defendant's] bonus program is discretionary and [Defendant] has paid [Plaintiff] all wages and compensation owed to her."  (Def.'s Mem. at 12.)

This Court recommends that Defendant's motion to dismiss Count III be denied.  For this Court to base dismissal for failure to state a claim on Defendant's contention that it "has paid [Plaintiff] all wages and compensation owed to her" would require this Court to treat Plaintiff's allegations as *untrue* and construe the facts in the light most favorable to Defendant.  This would, of course, turn the standard of review applicable to a Rule 12(b)(6) motion on its head.

## RECOMMENDATION

Based on the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.     Defendant's Motion for Partial Dismissal (Doc. No. 16) be **GRANTED IN PART WITHOUT PREJUDICE** and **DENIED IN PART** as follows:

    a.     Defendant's motion to dismiss Plaintiff's claim for breach of

contract (Count II) be **DENIED**;

  b. Defendant's motion to dismiss Plaintiff's claim for violation of Minn. Stat. § 181.13 (Count III) be **DENIED**; and

  c. Defendant's motion to dismiss Plaintiff's claim for defamation (Count I) be **GRANTED IN PART WITHOUT PREJUDICE.**  Plaintiff should be given 10 days from the date of a District Court Order adopting this Report and Recommendation to amend Count I of the Second Amended Complaint to set forth a claim for defamation with greater specificity as outlined in Part III.B. of this Report and Recommendation.

Date: March 11, 2009

            *s/ Jeffrey J. Keyes*
            JEFFREY J. KEYES
            United States Magistrate Judge

  Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 25, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.